---

(No. 14475.—Decision affirmed.)
THE ROODHOUSE WATER CORPORATION, Appellant, *vs.* THE BOARD OF REVIEW OF SCOTT COUNTY, Appellee.

*Opinion filed June 21, 1922.*

1. TAXES—*what property is exempt as "public grounds" within meaning of section 2 of Revenue act.* The general description "other public grounds," in the ninth paragraph of section 2 of the Revenue act, enumerating property which is exempt from taxation, means property which in some sense belongs to the public and is of the same class as the public grounds specifically mentioned in the first part of the paragraph.

2. SAME—*when property used to convey water to municipality is not exempt from taxation.* For property to be exempt from taxation because it is used to convey water to a municipality, under the ninth paragraph of section 2 of the Revenue act, it must belong exclusively to the municipality and must be used exclusively for conveying water to such municipality, and property of a private water corporation is not exempt if the city merely has a right to acquire it when its payment for water shall be sufficient to return the investment of the stockholders who own it.

APPEAL from order of the board of review of Scott county.

A. B. JOHNSON, for appellant.

L. A. MEHRHOFF, State's Attorney, and J. M. RIGGS, for appellee.

303–30

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Roodhouse Water Corporation owns thirty acres of land in Scott county on which there is a waterworks plant, with machinery and fixtures connected therewith, used for conveying water to the city of Roodhouse, in Greene county, where the water is purchased by the city. The corporation objected to the board of review of Scott county to the assessment of its property in that county for the purpose of taxation, claiming it to be exempt. The board of review denied the claim and held the property subject to assessment. The corporation appealed, and the case has been certified to this court by the Tax Commission.

Section 2 of the act for the assessment of property and for the levy and collection of taxes enumerates, in different paragraphs, classes of property which are exempt from taxation. The claim of appellant is that its property is exempt under the ninth paragraph, under the description, "all market houses, public squares or other public grounds used exclusively for public purposes," and the other property under the description, "all works, machinery and fixtures belonging exclusively to any town, village or city, used exclusively for conveying water to such town, village or city."

The facts upon which the decision depends are as follows: The Roodhouse Water Corporation was organized under the laws of this State to erect, maintain·and operate a waterworks plant for the purpose of supplying water to the city of Roodhouse, where the principal place of business is located. The authorized capital stock is $100,000 and the total number of shares 1000, consisting of ten shares of non-par value common stock and the remainder preferred stock entitled to a dividend, in the nature of interest, of six per cent per annum, payable semi-annually. The corporation entered into a contract with the city of Roodhouse, evidenced by an ordinance on the part of the city,

which recited that the corporation had acquired real estate at a price of $10,000, upon which springs of water were located. The agreement was that the corporation should erect a suitable pumping station on its land, with the necessary pumps and equipment, and lay a pipe from the same to connect with existing water mains at the city and deliver to the city a sufficient supply of pure water for the use of the city and its inhabitants, for which the city was to pay at the rate of fifteen cents per thousand gallons. The capital stock was to be used only for the specified purposes, and dividends on the common and preferred stock were to be paid semi-annually. The corporation was to keep proper books of account and the contract to remain in force until the income was sufficient to pay all expenses and retire the entire capital stock, when the city was to have the property. That arrangement was not to extend beyond thirty years, and at the expiration of that time the city was to have the privilege of purchasing the plant at a price equaling the amount of the capital stock then outstanding, plus interest at six per cent from the date of the last dividend, and less any amount in the treasury applicable to the payment of dividends. All the capital stock was subscribed and paid for by individuals at the rate of $100 per share, and the water corporation erected, equipped and operated the proposed system. The title to the property is in the water corporation, with the exclusive right of possession and control and an obligation to furnish water to the city at fifteen cents per thousand gallons, and the city is to have a right to the property when the payments by the city for water are sufficient to re-pay the capital invested, with six per cent under the form of dividends, and at the expiration of thirty years the city may purchase the property for the amount of outstanding capital stock, with interest from the last dividend.

The water corporation applied to the Public Utilities Commission for a certificate of convenience and necessity,

and represented that the city of Roodhouse was located in Greene county and had a water supply system but the water was unfit for domestic use; that a supply of pure water could be obtained from springs about seven miles from the city; that the city was financially unable to construct the plant and the corporation had been organized for that purpose, and that the city was to be the only consumer of water, which was to be delivered by the city through the distribution system then owned and operated by it. The Public Utilities Commission granted a certificate of convenience and necessity.

The general description "other public grounds" means property which in some sense belongs to the public and of the same class as the public grounds specifically mentioned, which are market houses and public squares. . The land of the Roodhouse Water Corporation is not public ground in any sense, but is owned, in fact and law, by the corporation. Water when received by the city of Roodhouse is to be paid for to the corporation and is then to be used for public purposes, but that does not make the land of the corporation public grounds. The other property does not come within the description of machinery and fixtures belonging exclusively to any town, village or city used exclusively for conveying water to such town, village or city. To bring property within that description two conditions must concur: the property must belong exclusively to the municipality and must be used exclusively for conveying water to such municipality. The property is to be used exclusively for conveying water to the city of Roodhouse, but it does not in any sense belong exclusively to the city. It has no right or title to the property but only a right to acquire it when its payment for water shall be sufficient to return the investment of the stockholders, with interest.

The decision of the board of review is affirmed.

*Decision affirmed.*